*E-Filed 6/5/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA CORNEJO GOMES,<br><br>    Plaintiff,<br><br>    v.<br><br>SILVER STATE MORTGAGE, a Nevada Corporation; FIDELITY NATIONAL TITLE INSURANCE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; OLD REPUBLIC DEFAULT MANAGEMENT COMPANY; and DOES 1 through 50, inclusive,<br><br>    Defendants.<br>_____/ | No. 5:09 CV 2340  RS<br><br>**ORDER TO SHOW CAUSE RE: REMAND** |

THIS MATTER is before the Court *sua sponte* upon a notice of removal filed by defendant Mortgage Electronic Registration Systems (MERS) on May 27, 2009.[1]  Title 28 United States Code, Section 1446, which governs removal procedures, provides: "The United States district court in which [the notice of removal] is filed shall examine the notice promptly.  If it clearly appears on the face of the notice . . . that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4).

---

[1] MERS also filed a motion to dismiss on June 1, 2009.  The motion is noticed for hearing on July 1, 2009.

Federal statutes and Ninth Circuit case law have established clear mandates with which parties must comply when seeking to remove a case. Among these are a requirement that a notice of removal be filed within thirty days after service of the summons and complaint, 28 U.S.C. § 1446(b); *see Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); that all defendants in the state action join in the removal, *see Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988); and that the notice of removal be filed "in the district court of the United States for the district and division within which such action is pending," 28 U.S.C. § 1446(a). The removing defendant bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Here, MERS has failed to comply with both the second and third mandates.

As to the second mandate, none of MERS's co-defendants has, to date, joined in the notice of removal or otherwise made any appearance before this Court. Failure to join all served defendants in the notice of removal is considered a procedural defect rather than a jurisdictional defect. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1036 (9th Cir. 1995). Because procedural defects in removal are not jurisdictional, they may be waived. *Kelton Arms Condominium Owners' Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003). As such, remand on this basis cannot be accomplished *sua sponte* and is proper only upon motion of the plaintiff or the other defendants. *Regents of the Univ. of Cal. v. Comerchero*, No. CV 09-00862 MMM, 2009 WL 481464, at *6 (C.D. Cal. Feb. 23, 2009); *see also* 28 U.S.C. § 1447(c) (governing motions to remand on the basis of any defect other than subject matter jurisdiction).

As to the third procedural mandate—the obligation to file in the federal district where the original action was pending—the original action was filed in Superior Court in San Luis Obispo County, and therefore the proper federal district for removal is the Central District of California, not the Northern District. *See* General Order 07-10, "Plan of the United States District Court, Central District of California for the Random Selection of Grand and Petit Jurors," United States District Court for the Central District of California, at 1 (Nov. 28, 2007) (noting that the Western Division of the Central District includes San Luis Obispo County). The Ninth Circuit has not yet indicated whether removal to the wrong district court is a jurisdictional defect or a procedural defect.

ORDER TO SHOW CAUSE RE: REMAND
Case No. 5:09 CV 2340 RS                         2

Elsewhere the authorities are split, although the modern trend is to treat it as procedural. *Compare S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 n.3 (5th Cir. 1996) ("When a case is removed to the wrong district, the mistake does not require remand and the interest of justice requires that the action be transferred to the district court of proper venue.") *with National Developers, Inc. v. Ciba-Geigy Corp.*, 803 F.2d 616 (11th Cir.1986) (suggesting that removal to the incorrect district court is a defect of subject matter jurisdiction).[2] *See also Addison v. N.C. Dep't of Crime and Public Safety*, 851 F. Supp. 214, 217 (M.D.N.C. 1994) (holding that careless removal to the wrong district is a serious enough fault to warrant summary remand, regardless of whether the error is technically procedural or jurisdictional).

In light of this uncertainty, the Central District of California, in its recent *Comerchero* case, ordered the defendant who had filed a notice of removal to the wrong district to appear and show cause why the case should not be remanded pursuant to § 1446(c)(4). *Comerchero*, 2009 WL 481464, at *6. *Comerchero* went on to provide that "[a]ny other party to the case may file a motion to remand this action on the basis of procedural defects in removal. . . . If no motion to remand is filed by [a certain deadline], the court will assume that all parties waive any procedural objections they would otherwise be entitled to assert to [the removing defendant's] notice of removal." *Id.* A similar proceeding is appropriate here.

It is, therefore, ordered that the parties shall appear and show cause why this case should not be remanded for lack of subject matter jurisdiction. The show cause hearing is scheduled for **July 8, 2009, at 9:30 a.m.**, in Courtroom 4, 5th Floor, United States Courthouse, 280 S. First St., San Jose, California. Any other party may file a motion to remand this action on the basis of procedural defects in removal, but if no such motion to remand is filed by July 8, 2009, the court will deem such procedural objections to be waived.

In light of this procedural irregularity, the hearing on MERS's pending motion to dismiss, currently scheduled for July 1, 2009, is continued to **August 5, 2009, at 9:30 a.m.**

---

[2] Although it has not explicitly overruled itself, the Eleventh Circuit appears to be retreating from this position. *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1392 (11th Cir.1997) (limiting the *National Developers* holding to the bankruptcy context).

ORDER TO SHOW CAUSE RE: REMAND
Case No. 5:09 CV 2340 RS                3

1
2
3        IT IS SO ORDERED.
4
5   Date:        6/5/09
                                               _____
6                                              RICHARD SEEBORG
                                               UNITED STATES MAGISTRATE JUDGE
7

**United States District Court**
For the Northern District of California

ORDER TO SHOW CAUSE RE: REMAND
Case No. 5:09 CV 2340 RS                      4